UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

THOMAS LOFTUS, individually
and on behalf of a class,

        Plaintiff,

v.

MYLER DISABILITY, LLC,

        Defendant.

Class Action
Jury Demanded

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Thomas Loftus, Plaintiff, individually and on behalf of a class, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). In Support of his claims, Plaintiff states as follows:

1. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

2. The TCPA prohibits calls to a cell phone made with an auto dialer or with an artificial or prerecorded voice unless prior express consent is given.

3. On or about January 22, 2020, Myler Disability ("Defendant"), made a telemarketing call to Plaintiff's cell phone number ending in -4461.

4. Defendant called Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") and a prerecorded voice. Because Plaintiff had not given his consent to receive these telemarketing robo-call from Defendant, the call violated the TCPA.

5. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

6. Because the call was transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

7. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

8. Plaintiff is a resident of this District and received the text messages in this District.

9. Upon information and belief Defendant maintains corporate headquarters in the State of Utah. According to its website, Defendant operates in all fifty states, including Florida.

## Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. This court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fl. Stat. § 48.193.

12. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Miami-Dade County, Florida, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

13. Venue is proper because the Defendant is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction.

## Article III Standing

14. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc. v. Robins.*

15. Plaintiff was harmed by Defendant's actions of calling his cell phone without consent and with an ATDS and/or a prerecorded voice in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

    b. Plaintiff was harassed and abused by Defendant's telephone call;

    c. Defendant's call was a nuisance to Plaintiff;

    d. Plaintiff's cell phone was unavailable for other use while processing the illegal call from Defendant;

e. Defendant illegally seized Plaintiff's cellular telephone line while it made an illegal call to Plaintiff's cellular telephone;

f. Plaintiff's cellular telephone line was occupied by the unauthorized call from Defendant;

g. Defendant's seizure of Plaintiff's cellular telephone line was intrusive; and

h. Plaintiff was inconvenienced by Defendant's call, by among other things, hearing his cell phone ring and having to check the calling party.

**The Telephone Consumer Protection Act**

16. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

18. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robo-calls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> 
> . . . .

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *See also Mims*, 132 S. Ct. at 745.

### *The TCPA bans autodialer and pre-recorded voice calls to cell phones*

19. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

20. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. Section 227(b)(1)(A)(iii) also prohibits the use of artificial or prerecorded voices in a call to a wireless number in the absence of an emergency or the prior express consent of the called party.

21. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

## Factual Allegations

### *Defendant placed a pre-recorded telemarketing call to the Plaintiff*

22. Plaintiff is the owner of and user of the cellular telephone number ending in -4461. Plaintiff is the "called party" with respect to the call placed to his cellular telephone number. The telephone call referenced below was made to Plaintiff's cellular telephone number ending in -446. The call at issue was not placed by Defendant to Plaintiff's cell phone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

23. On or about January 20, 2020, Plaintiff received a prerecorded telemarketing robo-call telephone calls from Defendant.

24. The telephone call was for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was encouraging Plaintiff to take a survey to see if Plaintiff qualified to purchase/utilize Defendant's disability services from Defendant.

25. Specifically, Defendant was encouraging Plaintiff to take a survey to see if Plaintiff qualified to purchase/utilize Defendant's disability services from Defendant.

26. Upon answering the call and saying "hello", a prerecorded message and/or artificial voice identified the speaker as "Liz" from "Myler Disability."

27. "Liz's" responses were automated and developed using interactive voice or voice automation technology.

28. "Liz" stated that the call placed to Plaintiff was regarding the disability benefit services offered by Myler Disability.

29. The voice of "Liz" was robotic and lacked human responses when Plaintiff attempted to have a conversation with "Liz".

30. On information and belief all of the above described call was placed through an automatic telephone dialing system. Additionally, the call was made with an artificial or prerecorded voice. The call was placed without the Plaintiff's prior express written consent. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called on his cellular telephone number

30. The call was made by Defendant employees or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, the call was made on behalf of Defendant.

## Class Action Allegations

31. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

32. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

> **All persons who, on or after four years prior to the filing of this Complaint, Defendant, directly or through its employees/agents, called on a cellular telephone line by the use of an automatic telephone dialing system or with an artificial or prerecorded voice and played the same or similar message as received by Plaintiff.**

33. The class as defined above is identifiable through Defendant's phone records and phone number databases.

34. <u>Numerosity</u>. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business, and the type of autodialed robo-call that he received, that the class is so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

35. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

36. <u>Typicality</u>. Plaintiff's claims are typical of the class. On information and belief, the same or similar telemarketing messages were sent to members of the class. Each of the messages/calls violated the TCPA in the same manner. Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

37. Plaintiff is a member of the class.

38. <u>Commonality</u>. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

   b. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, placed calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without obtaining the recipients' prior express written consent for the call;

   c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions; and

   d. Whether injunctive relief is appropriate.

39. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. Class members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each class member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices under the TCPA. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single action.

41. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

42. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

43. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:

**Violation of the TCPA's provisions prohibiting autodialer and artificial or prerecorded message calls to cell phones**

44. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45. The Defendant violated the TCPA by initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number assigned to a cellular

telephone service without prior express consent. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

46. The Defendant's violations were negligent or knowing/willful.

## Count Two:

## Injunctive relief to bar future TCPA violations

47. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

49. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

50. For himself and all class members, Plaintiff requests the following relief:

a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA;

b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the class;

d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law;

e. That the Plaintiff recover his attorneys' fees and costs; and

f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated this 17th day of April, 2020.

**Respectfully submitted,**        By: _____
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, PA.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
gnichols@wfclaw.com
**Attorneys for Plaintiff**